IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO:   4:15CV843 |
| | § | |
| (1) $5,326.00 IN UNITED STATES | § | |
| CURRENCY, et al, | § | |
| Defendants. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States pursuant to violations of 18 U.S.C. §§ 1084, 1955, 1956, and 1957.

Defendant in Rem

2. The following property, seized from Steven Glezman's residence at 25865 W. FM 1097, Montgomery, Texas, pursuant to a search and seizure warrant executed on May 20, 2015, constitutes the Defendant Property:

    a.    $5, 326.00 in U.S. Currency,

    b.    John Deere Tractor with Loader and Mower, VIN #PY5303U007291,

    c.    Club Car Golf Cart, VIN #PH1208263429,

    d.    Trailer with Gator Pit BBQ, VIN #N0V1N061820130131,

    e.    Men's Counterfeit Rolex Watch,

    f.    Ladies Counterfeit Rolex Watch,

g. Costume Jewelry Earrings with Clear Square Stone,

h. 14 Karat Yellow Gold Omega Necklace with Large Clear Stone,

i. 14 Karat Yellow Gold Fancy Pendant Chain Necklace,

j. Gold Colored Ring with Large Pink Stone,

k. Sterling Silver Ring Set with an Oval Amethyst,

l. Men's Silver Colored Ring with Clear Stone,

m. Gold Colored Ring with Three Clear Stones,

n. Sterling Silver and 18 Karat Yellow Gold Lagos Caviar Glacier Ring,

o. 18 Karat Yellow Gold Ring set with 42 baguette diamonds,

p. Stainless Steel Gents Movado Series 800 Chronometer Watch,

q. 14 Karat Yellow Gold Ring set with Pear Shaped Amethyst,

r. Sterling Silver Ring set with a Square Cut Smokey Quartz,

s. 10 Karat Yellow Gold Necklace with a Heart Pendant,

t. 10 Karat Yellow Gold Chain Necklace with a Love Heart Pendant,

u. Costume Jewelry Sarah Coventry Parisian Nights Rhinestone Bracelet,

v. Costume Jewelry Necklace by Swarovski,

w. 14 Karat White Gold Square Snake Chain Necklace,

x. Stainless Steel Ladies Rolex Oyster Perpetual Datejust Watch,

y. Red Vernis Patent Leather Fold Over Rossmore MM Pochette Clutch,

z. Counterfeit Louis Vuitton Eva Damier Azur Clutch,

aa. Louis Vuitton Small Satchel Bag,

bb. Louis Vuitton Logo Canvas Keepall Bag,

cc. Louis Vuitton Lumineuse PM Dark Brown Empriente Leather Shoulder Bag,

dd.   Framed Kevin Durant Autographed Oklahoma Thunder Jersey,

ee.   Framed Double Matted Signed Vince Young Jersey,

ff.   Framed Signed Jerry Rice Hall of Fame 2010 49ers Jersey,

gg.   Framed Signed Joe Montana Field of Dreams Jersey,

hh.   Framed 2011 U.S. Open Picture Signed by Rory Mclroy,

ii.   Framed James Street/Darrel Royal Signed Picture,

jj.   Framed Signed Nolan Ryan Houston Astros Picture,

kk.   Framed Signed Mike Tyson Boxing Shorts,

ll.   Framed Signed Russell Westbrook Oklahoma Thunder Jersey,

mm.   Framed Signed Hakeem Olajuwon Rockets Jersey,

nn.   Framed Signed Earl Campbell Jersey,

oo.   Framed Signed Jeff Bagwell Texas Rangers Jersey,

pp.   Framed Signed Vince Young 2006 Rose Bowl Picture,

qq.   Signed Vince Young Texas Longhorn Helmet in Plastic Case,

rr.   Framed Signed Leon Jones New York Giants Picture,

ss.   Framed Signed Billy 20 Cannon Picture,

tt.   Framed Signed Pete Rose Picture,

uu.   Hobart Handler 190 Welder,

vv.   Saddles,

ww.   Colt AR 15, Serial #SP28973,

xx.   Case for AR 15,

yy.   Walther P22 Pistol, Serial #Z083932,

zz.   Case for Walther P22,

    aaa.    AK47, Serial #M85PV000703,

    bbb.    Case for AK47,

    ccc.    Sig Sauer Pistol, Serial #AG20375,

    ddd.    YHM 30 Caliber Suppressor,

    eee.    Remington Rifle, Serial #RR09140A,

    fff.    Zeiss Conquest Scope,

    ggg.    Case for Remington Rifle,

    hhh.    Walther P22 Magazine, and

    iii.    Eotech Sight,

(collectively, "Defendant Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to the following statutes:

    a.    18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in a violation of 18 U.S.C. §§ 1956 and 1957, or is property traceable to such property, and

    b.      18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, constituting or derived from proceeds traceable to a violation of 18 U.S.C. §§ 1084 and 1955.

Facts

7. The Defendant Property is subject to forfeiture pursuant to the following facts:

    a.      Since on or about January 2010, a group of at least seven individuals (collectively referred to as the "Conspirators"), including Steven Glezman (GLEZMAN), have conducted an illegal gambling enterprise within the United States.  The gambling organization is based in the Houston, Texas, area and is linked to the Austin, Texas, and Dallas / Fort Worth, Texas, areas.  This organization utilized offshore Internet sports book websites as a means of accepting wagers on sports games from bettors located in the Northern, Eastern, Southern, and Western Judicial Districts of Texas, as well as other judicial districts in the United States.

    b.      The Conspirators illegally accepted wagers on sporting events through various Internet websites hosted in Costa Rica.  The Conspirators provided bettors with personal login codes and passwords to facilitate the placement of wagers through the websites and associated toll-free telephone numbers to disguise their identities.  The Conspirators conducted their portion of the illegal gambling operation via various Internet websites including www.Fun2PlaySports.com.

    c.      A "Whois" Internet search of www.Fun2PlaySports.com disclosed that this website domain was registered to Tom Green of Christ Church, Barbados, on May 16, 2007, and expired on May 16, 2015.  GoDaddy.com, an Internet domain registrar and web hosting company based in Scottsdale, Arizona, disclosed that Green acquired this website domain through them, and also obtained 597 other domain names from March

2005 through February 2015.  Those website domains also have sports book names.  Green paid GoDaddy.com for those website domains with a debit/credit card issued by BNServibanca, National Bank of Costa Rica.  The investigation disclosed that the Conspirators have been making payments to TELECOM LOGISTICS, INC., a web hosting company based in Alajuela, Costa Rica.  The payments are being deposited into a bank account in Panama belonging to TELECOM LOGISTICS, INC.  Internet research disclosed that a number of sports book website domains registered to Tom Green are hosted by TELECOM LOGISTICS, INC., with the servers located in San Ramon, Costa Rica.

d. The Conspirators then accessed an "agent only" portion of the wagering websites.  The "agent only" area allowed them to manage their gambling operations by viewing and/or obtaining automated reports reflecting their individual group of bettors' weekly wagering activities with balances to be collected or paid out.  The wagering week is measured from Monday through Sunday.  The payouts and collections for this gambling organization are primarily conducted in person, via banking deposits, bank transfers, U.S. Mail, or through commercial interstate carriers (i.e., FedEx).  Payments are made in the form of U.S. Currency, bank transfers, personal checks, money orders, and cashier's checks, and are conducted within the borders of the United States.

e. GLEZMAN was employed as a sergeant with the City of Houston Police Department during the conduct of the illegal gambling operation.  A review of Texas Workforce Commission (TWC) records indicates that GLEZMAN received the following wages: $86,246.80 in 2012, $87,487.86 in 2013, and $89,784.50 in 2014, from the City of Houston.   TWC records indicate no work history for his wife, Angela Glezman.

f.      Prosperity Bank records disclosed that GLEZMAN opened account number XXXXX8270 in January 2010 and deposited, or caused to be deposited, illegal gambling proceeds of $95,000.00 in 2011, $36,300.00 in 2012, $494,000.00 in 2013, and $154,000.00 in 2014, totaling $779,300.00 for the four year period.  None of these funds were related to his legal wages earned with the Houston Police Department.  These deposits consisted of U.S. Currency ($144,120.00), checks, and bank transfers, from his bettors and other members of this gambling organization.  Some of the deposits were made by bettors in other parts of Texas such as Dallas, Keller, and various areas around Houston.  A Conspirator, who resides in Frisco, Texas, deposited approximately $33,940.00 in U.S. Currency into GLEZMAN's Prosperity Bank account during this time period, and those deposits were conducted in the Eastern District of Texas.  GLEZMAN utilized the gambling proceeds to pay his bettors' winnings, make large payments to his American Express Card, and make a $226,000.00 down payment on the purchase of his current residence and acreage located at 25865 W. FM 1097 Road, Montgomery, Texas, 77356.  GLEZMAN also conducted currency withdrawals of $112,800.00.

g.      Records pertaining to GLEZMAN's American Express Platinum Card number XXXX-XXXX-XXXX-5006 revealed significant expenditures on airfare, hotels, cruises, resorts, furniture, auto maintenance, sports memorabilia, outdoor vehicles, consumer electronics, and more.  American Express records disclosed GLEZMAN made payments of $60,663.11 in 2011, $89,093.57 in 2012, $180,394.80 in 2013, and $190,403.07 in 2014, for expenses incurred on his American Express Platinum Card.  GLEZMAN made the payments utilizing several bank accounts, including Prosperity Bank account number XXXXX8270.  A review of records provided by Stewart Title Company indicate that

Steven and Angela GLEZMAN purchased their current residence located at 25865 W. FM 1097 Road, Montgomery, Texas, in or about January 2014 for $605,000.00. The GLEZMANS paid approximately $226,000.00 as a down payment toward the purchase of this residence, and financed $375,000.00 over five years through a private lender. According to the lender, the GLEZMANS have made all of their mortgage payments in cash.

h. Based on the foregoing information, GLEZMAN did not have sufficient legal income or assets to support possession of the Defendant Property.

## Potential Claimants

8. Potential claimants to the Defendant Property may include:

   a. Steven Glezman
      25865 FM 1097 Road
      Montgomery, Texas 77356

   b. Angela Glezman
      25865 FM 1097 Road
      Montgomery, Texas 77356

   c. Steven Glezman is represented by attorney Martin LeNoir.

## Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully Submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

 /s/ Andrew Stover
ANDREW STOVER
Assistant United States Attorney
101 E. Park Blvd, Suite 500
Plano, Texas 75074
Texas Bar No. 19349300
Tel: (972) 509-1201
Fax: (972) 509-1209

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Gregory Hodnett, hereby state that:

1. I am a Special Agent with the Department of Homeland Security.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Gregory Hodnett
Special Agent
Department of Homeland Security

Dated 12/10/2015